# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| RUHI REIMER, individually, and on behalf of all other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S, INC.,<br><br>Defendant. | Case No. 2:23-cv-00597-JPS |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS

RUHI REIMER ("Plaintiff"), by and through his undersigned counsel, responds to KOHL'S INC.'S ("Defendant") Motion to Dismiss Count I of Plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendant's Motion") as follows:

## INTRODUCTION

Defendant's Motion blatantly ignores the plain language of the Telephone Consumer Protection Act and its regulations, which plainly prohibit a person or entity from sending solicitation text messages to phone numbers registered on the National Do Not Call Registry without the recipient's consent. *See* 47 C.F.R. §64.1200(c)(2). Despite the plain language of the statute, Defendant shamelessly contends that the statute does not extend to text messages. For the reasons set forth below, Defendant's Motion is objectively frivolous and must be denied.

## FACTUAL BACKGROUND

The facts in this case are as simple as they come. In early 2022, Plaintiff provided his cellular phone number to Defendant so he can receive promotional text messages from Defendant

1

as he was on the market for merchandise typically sold by Defendant. (FAC¶17.) After receiving some promotional text messages from Defendant, Plaintiff decided he no longer wished to receive Defendant's promotional text messages. (FAC¶18.) Accordingly, in May 2022, Plaintiff sent a written correspondence to Defendant stating he no longer wished to receive telephonic communications from Defendant, including text messages. (FAC¶19.) Despite Plaintiff's written request that Defendant cease all telephonic communications with Plaintiff, Defendant continued to send invasive promotional text messages to Plaintiff's cellular phone number. (FAC¶20.) In August 2022, frustrated with Defendant's unwanted text messages, Plaintiff sent a *second* written request to Defendant again stating he no longer wished to receive telephonic communications from Defendant, including text messages. (FAC¶21.) Defendant ignored Plaintiff's second written request that the promotional texts cease and continued sending unwanted promotional text messages to Plaintiff's cellular phone. (FAC¶22.) In October 2022, disturbed by Defendant's continuing text messages, Plaintiff sent a *third* written request to Defendant again stating he no longer wished to receive telephonic communications from Defendant, including text messages. (FAC¶23.) Astonishingly, Plaintiff's third written request that Defendant cease its promotional text messages was disregarded and Defendant continued sending promotional text messages to Plaintiff's cellular phone. (FAC¶24.) In total, Defendant sent no less than seventy-four (74) unwanted text messages to Plaintiff's cellular phone *after* Plaintiff initially requested that Defendant cease all telephonic communications with him in May 2022. (FAC¶25.)

At all times relevant, Plaintiff's cellular telephone number ending in 3122 was not associated with a business and was utilized for personal and residential purposes. (FAC¶15.) Plaintiff utilizes his cellular telephone number for residential purposes as his cellular telephone number is the primary means of reaching Plaintiff at his residence. Accordingly, Plaintiff is a

2

Case 2:23-cv-00597-JPS   Filed 08/25/23   Page 2 of 8   Document 23

"residential telephone subscriber."[1] (FAC¶15.) At all times relevant, Plaintiff's cellular telephone number was registered on the National Do-Not-Call Registry. (FAC¶26.)

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

### I. The TCPA's DNC Provision Plainly Extends to Text Messages

47 C.F.R. §64.1200(c)(2)(a), a regulation promulgated under §227(c) of the TCPA, provides, in pertinent part:

(c) No person or entity shall initiate any *telephone solicitation* to:

> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Such do-not-

---

[1] The FCC has expressly rejected interpreting "residential subscribers" narrowly to exclude cellular telephone numbers categorically. *Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14038.

> call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. 47 C.F.R. §64.1200(c)(2).

Count I of Plaintiff's FAC alleges that Defendant violated 47 C.F.R. §64.1200(c)(2) ("DNC provision") by sending no less than seventy-four (74) unwanted promotional text messages to Plaintiff's cellular telephone number *after* Plaintiff requested that the promotional text messages cease and while Plaintiff's cellular telephone number was registered on the National Do Not Call Registry ("DNC Claim"). Defendant contends that Plaintiff's DNC Claim must fail because the DNC provision only applies to calls and not text messages. Defendant's contention must fail for multiple reasons.

First, the plain language of 47 C.F.R. §64.1200(c)(2) demonstrates that the DNC provision prohibits "telephone solicitations" and not solely "calls" as Defendant erroneously contends. Specifically, the TCPA defines "telephone solicitation" as the "initiation of a telephone call or *message* for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services…" 47 U.S.C. §227(a)(4) (emphasis added); *see also* 47 C.F.R. §64.1200(f)(14). As demonstrated by the plain language of the TCPA, "telephone solicitations" include *messages*. Here, there could be no question that Defendant's solicitation text *messages* are "telephone solicitations" as defined by the DNC provision as they were messages that were initiated by Defendant and sent to Plaintiff's cellular telephone for the purposes of encouraging the purchase of goods. Accordingly, the plain language of the DNC provision plainly demonstrates that it extends to text messages. *See Gulden v. Liberty Home Guard LLC,* 2021 U.S. Dist. LEXIS 33833, at *11 (D. Ariz. 2021) (finding that the DNC provision extends to text messages because "telephone solicitations" include text messages); *Vallianos v. Schultz,* 2019 U.S. Dist. LEXIS 174729, at *7 (W.D. Wash. 2019) (recognizing that text messages are "telephone solicitations" for

purposes of the DNC provision). As a result, Plaintiff's DNC claim must survive dismissal as a matter of law. *See Pereira v. Sessions*, 138 S. Ct. 2105, 2120-21 (2018) (United States Supreme Court recognizing the long standing rule that courts must "apply [a] statute as it is written")

Assuming, *arguendo*, that Defendant is correct and that the DNC provision only prohibits solicitation "calls" as opposed to "telephone solicitations" to numbers registered on the DNC Registry, Defendant's contention still fails because courts across the nation, including the United States Supreme Court, have *unanimously* held that a text message is a "call" for purposes of the TCPA.[2] *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 156 (2016) (Supreme Court acknowledging that it is "undisputed" that a text message to a cellular telephone is a "call" for purposes of the TCPA); *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (holding that a text message is a "call" for purposes of the TCPA); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1008 (N.D. Ill. 2010) (rejecting defendant's contention that a text message is not a "call" for purpose of the TCPA); *Warciak v. Subway Rests., Inc.*, 2019 U.S. Dist. LEXIS, at *4 (N.D. Ill. 2019) ("For purposes of [the TCPA], a text message is considered a 'call'"); *Lawson v. Visionworks of Am., Inc.*, 2023 U.S. Dist. LEXIS 36825, at *3 (M.D. Fla. 2023 (recognizing that "[a] text message to a cell phone qualifies as a 'call' under the TCPA") *citing* to *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 156 (2016); *Shank v. Givesurance Ins. Servs.*, 2022 U.S. Dist. LEXIS 32259, at *13 (S.D. Ohio 2022) ("For purposes of the TCPA, a text message to cellular telephone is a 'call'"). Given that every court to consider the issue, including the Supreme Court, has found that a text message is a "call" for purposes of the TCPA, the Court must reject Defendant's contention that the DNC provision of the TCPA does not extend to text messages.

---

[2] "The TCPA does not define 'call.'" *Ashland Hosp. Corp. v. SEIU*, 708 F.3d 737, 742 (6th Cir. 2013)

5

Realizing that the Court will find that a text message is a "call" for purposes of the TCPA and all of its provisions, Defendant cites to a recent FCC *proposed* amendment in a shameless attempt to persuade the Court that the TCPA's DNC provision does not extend to text messages. Specifically, Defendant contends that a recent FCC *proposed* amendment to the DNC rules supports the contention that the DNC provision in its current form does not extend to text messages. To support its contention, Defendant cites to the following excerpt from the FCC's *proposed* amendment:

> Although the Commission has stated that text messages are calls for Telephone Consumer Protection Act (TCPA) purposes, it **has not <u>explicitly</u> included text messages in the codified DNC rules** that protect wireless phone subscribers by requiring prior express invitation or permission in writing for calls to wireless numbers on the National DNC Registry. (Def. Mot. pg. 5) (emphasis added)

Unfortunately for Defendant, the excerpt from the FCC's *proposed* amendment plainly refutes Defendant's contention that the DNC provision does not extend to text messages. Specifically, the proposed amendment explicitly states that the FCC has previously held that text messages are calls for purposes of the TCPA and that the proposed amendment is intended to "**<u>explicitly</u>**" include text messages in the DNC rules. In other words, the plain language of the proposed amendment demonstrates that the amendment is intended to *clarify* and remove all doubt on whether text messages are covered by the TCPA's DNC provision. Importantly, nowhere in the proposed amendment does the FCC state that it is *adding* text messages for the *first time* as a prohibited mode of communication for purposes of the TCPA's DNC provision. Conversely, the FCC plainly states it is "explicitly" including text messages in the DNC rules, which clearly demonstrates that the DNC provision previously extended to text messages. Notably, Defendant does not cite to *any* authority to support its position that the DNC provision did not extend to text messages prior to the FCC's *proposed* amendment. Defendant's failure to cite to any authority is telling and

6

demonstrates that its position is without merit. Based on the foregoing, the DNC provision undoubtedly extends to text messages and therefore Plaintiff's DNC Claim must survive dismissal.

## CONCLUSION

Based on the foregoing, Defendant's Motion should be denied.

Dated: August 25, 2023

Respectfully submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8180
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2023, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will provide notification of such filing to all counsel of record.

/s/ *Mohammed O. Badwan*